FILED

2013 SEP 27  AM 9: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11  HSBC BANK USA, NATIONAL          )   Case No. EDCV 13-1677-UA (DUTYx)
    ASSOCIATION AS TRUSTEE           )
12  FOR MERRILL LYNCH                )
    ALTERNATIVE NOTE                 )   ORDER SUMMARILY REMANDING
13  ASSETS 2007-A2,                  )   IMPROPERLY-REMOVED ACTION
                                     )
14              Plaintiff,           )
                                     )
15      vs.                          )
                                     )
16  FRANCISCO RIOS, MARINA           )
    RIOS, DOES I THROUGH X           )
17  INCLUSIVE,                       )
                                     )
18              Defendants.          )

19

20      The Court will remand this unlawful detainer action to state court summarily

21  because it has been removed improperly.

22      On July 16, 2013, defendants Francisco Rios and Marina Rios, having been

23  sued in what appeared to be a routine unlawful detainer action in California state

24  court, lodged a Notice of Removal of that action to this Court and also presented an

25  application to proceed *in forma pauperis*. (See HSBC Bank USA v. Rios, et al.; Case

26  No. EDCV 13-1246-UA (DUTYx).)  On August 2, 2013, the Court denied

27  ///

28  ///

1

1    defendants' application to proceed *in forma pauperis* and remanded the action to state
2    court.

3         On September 17, 2013, defendants lodged with the Court a second Notice of
4    Removal of the same underlying action, which, again, appears to be a routine
5    unlawful detainer action in California state court. Again, defendants have presented
6    an application to proceed *in forma pauperis*. The Court has denied the latter
7    application under separate cover because the action was not properly removed. To
8    prevent the action from remaining in jurisdictional limbo, the Court issues this Order
9    to remand the action to state court.

10        As previously noted, plaintiff could not have brought this action in federal
11   court in the first place, in that defendants do not competently allege facts supplying
12   either diversity or federal-question jurisdiction, and therefore removal is improper.
13   28 U.S.C. §1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546,
14   563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of
15   citizenship exists, the amount in controversy does not exceed the diversity-
16   jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On the contrary,
17   the unlawful-detainer complaint recites that the amount in controversy does not
18   exceed $10,000.

19        Nor does plaintiff's unlawful detainer action raise any federal legal question.
20   See 28 U.S.C. §§ 1331, 1441(b).

21        Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
22   Superior Court of California, San Bernardino County, 14455 Civic Drive, Suite 100,
23   Victorville, CA 92392, for lack of subject matter jurisdiction pursuant to 28 U.S.C.
24   ///
25   ///
26   ///
27   ///
28   ///

§ 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and
(3) that the Clerk serve copies of this Order on the parties.

     IT IS SO ORDERED.

DATED:   9/25/13

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge

3